| | | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | Wayne R. Andersen | **Sitting Judge If Other than Assigned Judge** | Nan R. Nolan |
| **CASE NUMBER** | 02 C 1969 | **DATE** | 4/29/2004 |
| **CASE TITLE** | Maxwell Perez vs. City of Chicago, et al. | | |

# United States District Court, Northern District of Illinois

Minute Order Form (06/97)

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants' amended motion to compel is granted in part and denied in part. Dr. Powell shall comply with this opinion within 10 days business days.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | OCT 0 6 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 4/29/2004 date mailed notice | |
| hmb courtroom deputy's initials | | hmb mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAXWELL PEREZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 1969 |
| ) | |
| CITY OF CHICAGO, et al., ) | Magistrate Judge Nan R. Nolan |
| ) | |
| Defendants. ) | |

DOCKETED OCT 0 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Maxwell Perez brings this case against the City of Chicago and three of its police officers alleging excessive force and illegal detention as well as supplemental state law claims. Defendants have served a subpoena on Maxwell Perez's psychiatrist, David Powell, M.D., seeking, among other things, any medical charts which reflect group family therapy sessions in which Maxwell Perez was present. The non-party Perez family members object, through Dr. Powell, to production of group family therapy session notes on the basis of the patient-psychotherapist privilege. Defendants now move to compel production of all psychiatric, psychological or counseling sessions involving the treatment of Maxwell Perez. For the reasons explained below, Defendants' motion is granted in part and denied in part.

## RELEVANT BACKGROUND

Maxwell Perez alleges that he was arrested at a corner store near his residence on or about March 30, 2001 and then beaten in a police vehicle and later inside the police station. No Perez family member witnessed his arrest or the alleged acts of brutality. Maxwell Perez, along with members of his family, received mental health treatment from Dr. Powell prior to March 30, 2001. Maxwell Perez and his family continued to receive treatment from Dr. Powell after that date. The family visited with

Dr. Powell every Saturday. Beginning two months after the March 30, 2001 incident alleged in this case, Maxwell Perez began individual sessions in addition to the group sessions. The first individual session Dr. Powell had with Maxwell Perez was on May 23, 2001. Besides Maxwell Perez, Dr. Powell sees six other Perez family members in group therapy. Not all of the family members attend every group family therapy session. Maxwell Perez has signed a release allowing Dr. Powell to produce all records relating to Maxwell Perez's individual therapy sessions. The non-party family members are not willing to sign releases waiving their psychotherapist-patient privilege and authorizing release of Dr. Powell's records regarding their treatment.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that parties may discover any matter, not privileged, that is relevant to the claim or defense of any party.[1] Rule 501 of the Federal Rules of Evidence governs the applicability of privileges in federal courts. Federal common law applies in cases based upon a federal cause of action even where the complaint alleges a pendent state law claim. Memorial Hospital for McHenry County v. Shadur, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981); see also Northwestern Memorial Hospital v. Ashcroft, 2004 WL 601652, *2 (7th Cir. 2004) (confirming that Illinois privilege law does not govern in federal-question suits). Although the complaint contains supplemental state law claims, the principal claims in this case are brought pursuant to 42 U.S.C. § 1983 for excessive force and illegal detention. Thus, federal common law governs the

---

[1] Maxwell Perez claims that defendants have failed to set forth any potential relevance of family members' communications during group sessions. Defendants state that the group family therapy session notes are relevant to Maxwell Perez's damage claim of severe mental distress. Defendants assert that without group therapy session notes, they will be forced to defend Maxwell Perez's claim for emotional damages based on an incomplete record regarding Maxwell Perez's mental health treatment. Given the breath of Rule 26, the Court cannot say that communications during group sessions could have no possible relevance for purposes of discovery.

-2-

privilege determination.

Federal common law recognizes a psychotherapist-patient privilege. In Jaffee v. Redmond, 518 U.S. 1, 15 (1996), the United Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." The Jaffe court also noted that "[l]ike other testimonial privileges, the patient may of course waive the protection." Id. at 16 n.14. The Court did not define the contours of the psychotherapist privilege or address when or how it can be waived. Id. at 18. "One way a privilege holder can waive the privilege is by affirmatively putting the privileged communications directly at issue in a lawsuit." Santelli v. Electro-Motive, 188 F.R.D. 306, 308 (N.D. Ill. Aug. 19, 1999). As Judge Kennelly has observed, "[a] party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." Id. at 309.

There is no doubt that Maxwell Perez's mental health is relevant to his claim for emotional damages. Maxwell Perez claims serious emotional harm as a result of the alleged police officers' misconduct. Maxwell Perez intends to call Dr. Powell as a witness to testify as to his emotional injuries as well as his physical injuries that Dr. Powell allegedly observed on the day following the incidents alleged in the complaint. Recognizing that he has put his mental health at issue, Maxwell Perez has authorized Dr. Powell to release individual therapy session records regarding Maxwell Perez. According to Maxwell Perez, he "balanced his interests in confidentiality with his desire to put forth the testimony of Dr. Powell to support his claims of injury and appropriately determined to sign a release in order to provide the Defendants with Dr. Powell's records of his treatment." Pl's Resp., p. 3.

On the other hand, defendants recognize that the non-party Perez family members have not waived their psychotherapist privilege with Dr. Powell. <u>See</u> Defs' Amended Motion to Compel or Bar, p. 4 (stating "[p]laintiff may have waived his privilege, but the other group members have not."). The Perez family members are not parties to this case, and they have not put their mental health at issue in this case. Nevertheless, defendants suggest that the Court order production of the group session records with redactions of family members' names and identifying factors such as age or gender.[2] Defendants, thus, contend that if non-party names and identifying factors are redacted, their communications during group sessions are properly discoverable. Maxwell Perez, without citation to any authority, asserts that the Court can protect the privileges of non-parties by ordering production of records concerning group family therapy sessions where Maxwell Perez was present and redacting the identities of non-parties as well as communications by non-parties "that do not relate to the subject matter of this lawsuit." Maxwell Perez's Resp., p. 5, n.4. Maxwell Perez apparently believes that communications by non-parties during group family therapy sessions that relate to the subject matter of the lawsuit are discoverable.

The Court rejects both sides' redaction compromises as inconsistent with <u>Jaffe</u>.[3] Defendants cite only one case, <u>Lora v. Board of Ed. of City of New York</u>, 74 F.R.D. 565 (C.D. N.Y. 1977), in support of their redaction argument. In that case, the plaintiffs sought to discover fifty randomly selected "diagnostic and referral files" used by the City of New York in determining whether a student

---

[2] The Court seriously questions whether the non-party family members identities would remain confidential by merely excluding their names and identifying factors such as age or gender. Other information contained in the records would likely enable the identity of the six non-party Perez family members to be determined.

[3] Defendants appear to concede in their reply that their redaction compromise would not comport with <u>Jaffee</u>.

-4-

required placement in a special school for "socially maladjusted and emotionally disturbed children." The files included social workers' studies of the student and his family as well as results of psychological and psychiatric consultations or examinations. The Lora court allowed production of communications made by students and their parents to psychiatrists, registered psychologists, or social workers with the names of the children and identifying information redacted

Lora is inapposite for a number of reasons. Lora was decided long before the Supreme Court's decision in Jaffe. Jaffe rejected the balancing test used by the Lora court to determine the appropriateness of production. Jaffe, 518 U.S. at 17 (stating "[w]e reject the balancing component of the privilege implemented by [the Court of Appeals] and a small number of states."). Additionally, the Lora defendants provided "no evidence that students are promised such confidentiality prior to screening and counseling sessions, or are informed that their communications are privileged under state law." Lora, 74 F.R.D. at 583. The court noted that "students, their parents and professionals employed by the Board of Education to assemble these files all assume that they may be used in administrative and court hearings and that they will be seen by educational personnel of schools the students attended." Id. In sharp contrast, Dr. Powell's affidavit confirms that the communications made during the Perez group family therapy sessions were made "on the condition that such information would never be disclosed to other persons." Finally, the Lora parties agreed that if the student files were to be produced, the names and identifying data would be redacted. Id. at 568. Here, the parties do not agree on the appropriate scope of any possible redaction.

The Court additionally rejects Maxwell Perez's suggestion that disclosure of relevant non-party communications is somehow appropriate. Jaffe protects all psychotherapist-patient communications from disclosure regardless of relevance. Relevance is not the standard for determining whether information should be protected from disclosure as privileged. Rhone-Poulenc Rorer, Inc. v. Home

Indemnity Co. 32 F.3d 851, 864 (3d Cir. 1994). By definition, a privilege "prevents disclosure of information that may be relevant in the case, in order to serve interests that are of over-arching importance." Hucko City of Oak Forest, 185 F.R.D. 526, 530 (N.D. Ill. March 15, 1999).

In sum, the non-party Perez family members' mental health information is protected from disclosure because they have not waived their privilege and they will not consent to disclosure. The Court finds, however, that there is certain information regarding Maxwell Perez contained in the group family therapy session notes which can be produced without disclosing non-party Perez family members' mental health information and without undue burden to Dr. Powell. In response to questioning by this Court, Dr. Powell has explained that there are three specific notes in his group family session chart where he can clearly determine that Maxwell Perez was present for those group family sessions. These notes contain communications attributable to Maxwell Perez and/or Dr. Powell's observations about Maxwell Perez. The notes are dated "March 31, 2001," "May 01 June 2, 2001," and "Oct., Nov., Dec., '01, and Summary '01."

With respect to these three notes, Dr. Powell states that it is possible for him to produce only communications by Maxwell Perez and any observations, conclusions, or opinions reached by Dr. Powell as to Maxwell Perez. In other words, non-party Perez family members' information, including the identities of non-parties present, any communications by non-parties and any observations, conclusions or opinions reached by Dr. Powell as to non-parties, will not be revealed. Dr. Powell further states that it would take him about 1-2 hours to redact and produce only the communications by Maxwell Perez and Dr. Powell's observations as to Maxwell Perez in connection with the three notes in question. Defendants are entitled to discover this information which relates solely to Maxwell Perez and which does reveal non-party mental health information. Defendants' motion is granted with respect to these three notes and the redactions described in this paragraph.

With respect to the remaining group family therapy session records, the Court concludes that compliance with the subpoena would subject Dr. Powell to an undue burden. Dr. Powell has explained that Maxwell Perez may have been present for other group family therapy sessions but that it is virtually impossible to tell which family sessions Maxwell Perez attended. Dr. Powell estimates that it would take him between 200-300 hours to go through every single note in the Perez group family therapy session chart and try to: (1) determine if Maxwell Perez was present; (2) identify the communications by Maxwell Perez, if any; (3) identify any observations, conclusions and opinions reached by Dr. Powell as to Maxwell Perez; and (4) redact the identities, identifying information, and communications made by non-parties and Dr. Powell's observations, conclusions and opinions as to non-parties. Dr. Powell also does not believe it is actually feasible to produce solely communications as to Maxwell Perez and the observations, conclusions, and opinions reached by Dr. Powell as to Maxwell Perez contained in his group therapy notes since the notes are too co-mingled, and the information contained in the notes is generally not addressed to individual needs, concerns, statements, or observations, conclusions and opinions. According to Dr. Powell, observations, conclusions and opinions as to individuals are contained in the individual's therapy notes, which have already been produced as to Maxwell Perez.

Federal Rule of Civil Procedure 45 protects non-parties subject to a subpoena from unduly burdensome discovery. Rule 45 mandates that the court from which the subpoena was issued must "quash or modify the subpoena if it ... subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). The burden on Dr. Powell to determine whether Maxwell Perez was present for the remaining group family therapy sessions and then, if possible, to redact non-parties' information is significant, namely 200-300 hours. The City's need for these documents does not outweigh this excessive burden on Dr. Powell. While the described search might retrieve some information relevant

to Maxwell Perez's damages claim, the burden of obtaining any such information is substantial. Moreover, defendants' need for such documents is reduced by the fact that the requested information is substantially available to the City through less burdensome means. The City has Maxwell Perez's own individual chart from Dr. Powell which includes approximately 35 pages summarizing almost 60 individual sessions. In addition, information concerning Maxwell Perez's alleged emotional injuries and damages can be obtained from the three redacted group family therapy sessions notes ordered to be produced herein and the depositions of Maxwell Perez, Dr. Powell, and family members. Under these circumstances, compliance with the subpoena directed to Dr. Powell would be unduly burdensome. See Northwestern Memorial Hospital, 2004 WL 601652 (7th Cir. 2004) (upholding district court's quashing of subpoena seeking non-parties' medical records under Rule 45(c)(3)(a)(iv)).

Because Dr. Powell's entire group family therapy sessions notes are not discoverable, defendants alternatively request that the Court bar plaintiff from "introducing evidence of facts or details of his psychiatric or psychological treatment; evidence through any witness about symptoms or conditions that he suffered (e.g. sleeplessness, nervousness, depression); and evidence regarding medical or psychological diagnosis, permitting instead evidence only that he felt humiliated, embarrassed, angry or upset because of the alleged injury." Defs' Am. Motion, pp. 1-2. Despite recognizing that they have no supporting authority directly on point, defendants argue that fairness dictates that Maxwell Perez should be precluded at trial from relying on Dr. Powell's testimony or his findings to prove emotional damages.

While the question of whether Maxwell Perez should be barred at trial from relying on Dr. Powell's testimony or his findings to prove emotional damages is beyond the limited scope of the referral order in this case, this Court offers the following observations. This is not a case where plaintiff is seeking to establish emotional harm by relying on psychotherapist testimony but at the same

time refusing to produce records of his treatment by his psychotherapist. By signing a release authorizing production of his mental health records, Maxwell Perez has done all that the law requires in order to purse his emotional damages claim in this lawsuit. Defendants have all records relating to Maxwell Perez's individual therapy sessions with Dr. Powell, and Maxwell Perez can not authorize the production of non-parties' mental health records. It seems unfair to limit Maxwell Perez's emotional damages claim because of third parties' refusal to disclose privilege communications. The portion of defendants' motion requesting that Dr. Powell's testimony or findings be barred at trial is denied without prejudice to reassertion before the trial judge in an appropriately supported motion.

## CONCLUSION

For the reasons explained above, Defendants' motion is granted in part and denied in part. Dr. Powell shall comply with this opinion within ten business days.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: 4/28/04